# EXHIBIT A

IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO



FILED
2009 FEB 26 PM 3:36

CLERK AND MASTER

GREGG GARNER,

        Plaintiff,

v.

DISABILITY MANAGEMENT
ALTERNATIVES, LLC and NISSAN N.A.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 09-0290CV

---

## COMPLAINT

---

I.    **Jurisdictional Statement.** Plaintiff Gregg Garner is a resident of Bell Buckle, Bedford County, Tennessee, residing at 265 Puncheon Camp Road (37020). Defendant Disability Management Alternatives, LLC is the administrator for disability insurance benefits provided by Nissan N.A. for its employees, including Plaintiff Gregg Garner. Plaintiff presents a claim for disability policy benefits. Attached as Exhibit "A" to the Complaint is correspondence which confirms that the administrative remedies afforded by the plan administrator have been exhausted, and that no other administrative procedures are available to the Plaintiff in his pursuit of benefits under the above-referenced plan. Jurisdiction of the Rutherford County Chancery Court is appropriate, based upon the concurrent jurisdiction provisions of ERISA, specifically, 29 U.S.C. § 1132(a)(1)(B) as a civil action based upon a claim under the terms of an ERISA-governed plan, "Nissan North America, Inc. Accident and Sickness Plan."

II.    **Statement of Material Facts.** Plaintiff Gregg Garner commenced his employment with Nissan N.A. in 1983, and enjoyed several years of excellent performance reviews in his work-related duties. Commencing in September 2004, following a series of events related to his

Case 3:09-cv-00340    Document 1-1    Filed 04/10/09    Page 2 of 7 PageID #: 6

observation of unethical and unlawful conduct by a supervisor. Plaintiff began experiencing a progressive deterioration in his health. In September 2004, Plaintiff sought medical evaluation and treatment, and was diagnosed with early stages of malignant hypertension, and an acute (temporary) episode of depression. Following the administration of medication and Plaintiff's pursuit of counseling, Plaintiff's condition improved somewhat, but was not cured. Plaintiff continued to remain actively at work, and performed his work duties adequately. The problems with the supervisor continued and, in the early winter months of 2005, the Plaintiff's physical and mental condition dramatically deteriorated to the point that he was unable to perform his work duties. Plaintiff sought an FMLA leave of absence, which was granted. On January 21, 2005 Nissan medical personnel recommended the initial medical leave due to the dangerously elevated blood pressure. Plaintiff was referred by the Nissan medical personnel to his private physician. At the conclusion of the FMLA leave of absence, the Plaintiff was terminated the employer, Nissan N.A., purportedly on April 4, 2005 (retroactive from June 9, 2005). Plaintiff has remained under the care of a physician for treatment of the disabling and life-threatening condition known as "malignant hypertension" which appears to be permanent in nature. Further, Plaintiff has remained under the care of various counselors, including a psychiatrist, for treatment of the mental component of his permanent disability. Plaintiff experiences periodic episodes of sleeplessness, acute anxiety, headaches, nausea, panic attacks, and severe weakness which prevent the Plaintiff from engaging in any productive or active employment, within the meaning of the definition of the term "disability" in the above-referenced insurance policy for accident and disability benefits. Plaintiff asserts that a proper claim was filed with the administrator, Disability Management Alternatives, Inc., and the Plaintiff has cooperated in providing all requested information necessary for the evaluation and resolution of his claim for long-term disability benefits. The Defendant has falsely represented that

2

the Plaintiff's treating physician, Dr. Douglas Beatty, has refused to continue to certify the Plaintiff's disability. No basis exists for the denial of permanent disability benefits, pursuant to the terms of the accident and sickness disability plan.

Plaintiff asserts that he was a plan participant, within the meaning of the definition provisions of the "Accident and Sickness Disability Policy" referenced above, and within the provisions of ERISA (Employment Retirement Income Security Act of 1974), 29 U.S.C. § 100(b). Plaintiff has requested a full copy of the plan documents and the entire administrative record, as required by 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1132(c)(1).

III. **Plaintiff's Legal Claim.** Based upon the foregoing premises, Plaintiff Gregg Garner asserts entitlement to accrued monthly benefits, pursuant to the terms of the above-referenced "Nissan North America, Inc.'s Accident and Sickness Plan." Upon the assertion that the adverse decision reported by the administrator is not supported by material evidenced in the administrative record, Plaintiff seeks the Court's assessment of all benefits, penalties, and other relief permitted by the above-referenced statutes.

Respectfully submitted,

BURGER, SCOTT & McFARLIN

Wm. Kennerly Burger, BPR #3731
Attorney for Petitioner
12 Public Square North
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333

3

STATE OF TENNESSEE )
) ss
COUNTY OF RUTHERFORD )

The undersigned, Gregg Garner, makes oath that the has read the foregoing Complaint, and that the facts and statements contained in the Complaint are true and correct to the best of my knowledge, information. and belief.

_____
Gregg Garner, Plaintiff

Subscribed and sworn to before me on this the ___ day of _____ 2009.

_____
Notary Public

My Commission Expires: _9-11-2011_

STATE OF TENNESSEE RUTHERFORD COUNTY

THE UNDERSIGNED, CLERK AND MASTER OF THE SAID COUNTY AND STATE HEREBY CERTIFIES THAT THE FOREGOING IS A CORRECT COPY OF THIS INSTRUMENT FILED IN THE FOREGOING CAUSE IN THE CHANCERY COURT OF MURFREESBORO. TENNESSEE

THIS 26th DAY OF Feb. 2009
JOHN A. BRATCHER, CLERK AND MASTER

G:\KENBURGER\CLIENTS\GARNER. GREGG\CHANCERY CASE\Complaint.01-22-09.wpd

4

<table>
<tr><td colspan="2">STATE OF TENNESSEE<br>16th JUDICIAL DISTRICT<br>CHANCERY COURT</td><td>**SUMMONS**</td><td>CASE FILE NUMBER<br>09-0290CV</td></tr>
</table>

| STATE OF TENNESSEE 16th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 09-0290CV |
|---|---|---|

**PLAINTIFF**
Gregg Garner

**DEFENDANT**
Disability Management Alternatives, LLC and
vs. Nissan N.A.

**TO:** (NAME & ADDRESS OF DEFENDANT)

Disability Management
270 Farmington Avenue, Suite 200
Farmington, CN 06032-1993

Via Certified Mail

**List each defendant on a separate summons.**

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

**Attorney for plaintiff:**

(Name, address & telephone number)
Wm. Kennerly Burger
12 Public Square North
Murfreesboro, TN 37130
(615) 393-8933

**DATE ISSUED & ATTESTED**
3-26-09

**JOHN A. W. BRATCHER, Clerk & Master**
BY:

*Tanya Webster*

Deputy Clerk & Master

## NOTICE OF DISPOSITION DATE

To expedite cases, the Court may take reasonable measures to purge the docket of old cases where the cases have been dormant without cause shown for an extended time.

## CERTIFICATION

I, John A. W. Bratcher, Clerk and Master of the Chancery Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause. JOHN A. W. BRATCHER, CLERK AND MASTER.
BY: *Tanya Webster* _____ DEPUTY C & M

**TO THE SHERIFF:**

Please execute this summons and make your return within thirty days of issuance as provided by law.

**DATE RECEIVED**

**Sheriff**

Submit three copies: service copy, defendant's copy, file copy. (1. ADA COORDINATOR, EFFECTIVE 7-1-95 SUPREME COURT) 10/02

Case 3:09-cv-00340   Document 1-1   Filed 04/10/09   Page 6 of 7 PageID #: 10

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

| DATE OF PERSONAL SERVICE | |
|---|---|
| | Sheriff<br>By: |

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 _____.

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 _____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 _____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____, 20_____.

Signature of ☐ Notary Public or ☐ Deputy Clerk

_____

My Commission Expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    Clerk & Master
Room 302, Judicial Building
20 Public Square North
Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)